# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HEATHER A. RIPPL, <br><br> Plaintiff, <br><br> v. <br><br> MARNIE J. BEILIN and PETER O'ROURKE, <br><br> Defendants. | No. 14 CV 1392 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

On February 24, 2014, Plaintiff Heather A. Rippl ("Plaintiff") filed a five-count complaint against Defendants Marnie J. Beilin and Peter O'Rourke ("Defendants") alleging violations of the Fair Housing Act (FHA) (Count I) and the Illinois Human Rights Act (IHRA) (Count II), breach of contract (Count III), wrongful eviction (Count IV), and intentional and/or negligent infliction of emotional distress (Count V). Defendant Beilin moved to dismiss Counts II, III, IV, and V of Plaintiff's Complaint. Defendant O'Rourke joins Beilin's motion to dismiss, while reserving his right to make additional arguments in support of dismissal.

Defendants argue that Count II must be dismissed because the IHRA provides the exclusive remedies for violation of this Act and that Plaintiff failed to exhaust administrative remedies in this case as required by the IHRA. Defendants subsequently seek to dismiss Counts III, IV, and V, claims they argue are "inextricably linked" to the same operative facts that form the basis of the discrimination claim alleged in Count II, as preempted by the IHRA.

Defendants' failure to consider the January 1, 2008 amendment to the IHRA, which created limited exceptions to the Illinois Human Rights Commission's exclusive jurisdiction

1

over certain claims—particularly housing claims—is fatal to their argument. The 2008 Amendment to the IHRA permits aggrieved parties of alleged housing violations to enforce their rights under the IHRA by filing a civil action, regardless of whether a charge has been filed with the Illinois Department of Human Rights. 775 ILCS 5/10-102. Plaintiff neither alleges that she exhausted her administrative remedies under the IHRA nor does she need to under 775 ILCS 5/10-102. Defendants' motion to dismiss Count II is denied. Consequently, Defendants' argument that Plaintiff's state law tort claims must be dismissed because they are preempted by the IHRA also fails.

Defendants' motion to dismiss Counts II, III, IV, and V is denied.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: July 29, 2014